UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICELAND FOODS, INC., et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:09CV830 CDP |
| SCF MARINE, INC., et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on defendant Cooper T. Smith Stevedoring Co., Inc.'s motion to dismiss the complaint for lack of personal jurisdiction. In this admiralty case, plaintiffs seek damages from defendants for loss and damage to its rice cargo. According to the complaint, at the time of the loss the cargo was aboard barges owned and operated by SCF Marine, Inc., and the barges were fleeted at Cooper's barge fleet. The loss occurred on the Lower Mississippi River in Louisiana.[1] The complaint alleges that Cooper is a Louisiana corporation with its principal place of business in Louisiana.

In support of the motion to dismiss, Bobby Wayne Pittman, Vice-President and Claims Director of The Cooper Group of Companies, avers that: Cooper is not

---

[1]The complaint contains no allegation of venue, and as will be discussed later, in opposition to the pending motion plaintiffs disavow the sole asserted basis for venue.

incorporated in Missouri; Cooper conducts no business in Missouri; Cooper did not enter into any contract with plaintiffs or the co-defendant in Missouri; Cooper owns no property in Missouri; and Cooper has no officers, directors, or employees in Missouri. Cooper also contends that the events giving rise to plaintiffs' complaint occurred in Louisiana, not Missouri.

In response to Cooper's motion, plaintiffs informed the Court that they "filed suit in both the Eastern District of Louisiana and the Eastern District of Missouri seeking damages for the cargo loss." Plaintiffs claim that they filed suit in Louisiana because the loss occurred in that district and Cooper is located there, arguments also made by Cooper to support dismissal. Plaintiffs then assert that they filed this action because defendant SCF Marine's Bill of Lading contains a forum selection clause that "contemplates suit in federal court in St. Louis." However, plaintiffs go on to argue that they "concede neither that the forum selection clause is enforceable, nor that the Bill of Lading applies to Cooper/T. in any respect." Yet to oppose the argument that this Court lacks personal jurisdiction over Cooper, plaintiffs rely solely on the forum selection clause that they contend is unenforceable and does not apply to Cooper as evidence that Cooper may be sued in this district. Alternatively, they seek time to conduct discovery because plaintiffs "suspect" that Cooper may have sufficient contacts with Missouri to

permit this Court to exercise personal jurisdiction over Cooper in this case. Plaintiffs offer no basis for their suspicion.

SCF Marine also opposes Cooper's motion, claiming that Cooper is estopped from denying the applicability of the forum selection clause because Cooper asserted "all defenses, benefits and limitations contained in" the Bill of Lading in its answer filed in the Louisiana action. According to SCF Marine, this includes the forum selection clause. SCF Marine also contends that Cooper's Vice-President should be deposed because Cooper's website claims that it has business operations in Missouri. The evidence attached in support of this allegation is an almost illegible copy of an apparent website for the Cooper Group of Companies. This website does not list Cooper T. Smith Stevedoring Co., Inc. as having any business presence in Missouri, but it does appear to claim that the Cooper Group of Companies has an affiliated company in Missouri.[2]

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff has the burden of making a prima facie showing that personal jurisdiction exists. Steinbuch v. Cutler, 518 F.3d 580, 585 (8th Cir. 2008) (citations omitted). The

---

[2]That Cooper's deponent has the job title of Vice-President of the Cooper Group of Companies does not entitle plaintiffs or SCF Marine to jurisdictional discovery about non-parties in this case. The information provided by the deponent was about Cooper T. Smith Stevedoring Co., Inc.'s contacts with Missouri, not any other Cooper company that may be part of the Cooper Group of Companies.

Court views the evidence in the light most favorable to plaintiff and resolves factual conflicts in plaintiff's favor. Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). Even so, plaintiff must produce some evidence; conclusory allegations are insufficient. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004). Plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [defendant] can be subjected to jurisdiction within the state." Id. at 1072 (internal quotation marks and citation omitted). A party may rely on affidavits, exhibits, or other evidence to make a prima facie case of jurisdiction. Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003).

To exercise personal jurisdiction over a nonresident defendant, the Court must ordinarily determine (1) whether that defendant is subject to the forum state's long-arm statute and (2) whether the exercise of personal jurisdiction would comport with due process. Romak, 384 F.3d at 984. Both the Eighth Circuit and the Missouri Supreme Court have noted that Missouri's long-arm statute extends jurisdiction to all cases where due process permits the exercise of personal

jurisdiction. Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000) (citing State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc)); Romak, 384 F.3d at 984 (citation omitted). Thus, this Court need only consider whether the exercise of jurisdiction in this case would comport with due process; if it does, defendant Cooper would be subject to the long-arm statute, and if it does not, the claims should be dismissed for want of personal jurisdiction. Id.

Due process does not support the exercise of personal jurisdiction by a state over a nonresident who has no meaningful contacts or ties to that state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Instead, "[d]ue process requires minimum contacts between a nonresident defendant and the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Steinbuch, 518 F.3d at 585 (internal quotation marks and citation omitted). These contacts must be such that the defendant "should reasonably anticipate being haled into court" in Missouri. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "The minimum contact inquiry focuses on whether the defendant [has] purposely availed itself of the privilege of conducting activities within the forum state and thereby invoked the benefits and protections of its laws." Steinbuch, 518 F.3d at 586 (internal citation omitted). There must be some act by which the defendant "purposefully avails

itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Epps, 327 F.3d at 647-48 (internal citation omitted). The defendant's contacts must be more than "random, fortuitous, or attenuated." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

In determining whether a nonresident defendant's contacts with Missouri are sufficient to subject it to the personal jurisdiction, the Court considers five factors, the first three of which are the most important: (1) the nature and quality of that defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the connection of the cause of action to the contacts; (4) the interest of the forum state in the litigation; and (5) the convenience or inconvenience to the parties. Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1091 (8th Cir. 2008); Steinbuch, 518 F.3d at 586. With respect to the third factor, the Supreme Court has differentiated between general and specific personal jurisdiction. See Helicopteros Nacionales de Colombia, S .A. v. Hall, 466 U.S. 408, 414 (1984). A court may exercise specific personal jurisdiction over a nonresident defendant where the cause of action arises from, or is connected to, the defendant's contacts with the forum state. Dever, 380 F.3d at 1073; Burger King, 471 U.S. at 463. Where a defendant has "continuous and systematic" contacts with a forum state, courts in the state may exercise general personal jurisdiction over the defendant, even where the cause of action or

alleged injury is unrelated to those contacts or has no connection with the forum state.  See Steinbuch, 518 F .3d at 586 (internal citation omitted).

Here, plaintiffs' complaint is devoid of any facts supporting "a reasonable inference that [Cooper] can be subjected to jurisdiction within the state." Dever, 380 F.3d at 1072.  Plaintiffs allege that Cooper is a Louisiana corporation with its principal place of business in Louisiana and that the loss occurred in Louisiana. Plaintiffs' sole argument in support of jurisdiction is that Cooper should be bound by a forum selection clause even though they argue that the clause is unenforceable and does not apply to Cooper.  Such arguments fall woefully short of establishing a prima facie case of personal jurisdiction over Cooper.  Plaintiffs then ask for time to conduct jurisdictional discovery because they "suspect" that Cooper may be subject to personal jurisdiction in Missouri, yet they offer no evidence whatsoever to support this supposition.  I will not authorize plaintiffs' fishing expedition without even the barest of allegations to support a reasonable inference of jurisdiction or a scintilla of evidence to suggest that Cooper may actually be subject to the jurisdiction of this Court.  Indeed, plaintiffs admit that they filed the lawsuit in Louisiana because the loss occurred there and Cooper may be found there.[3]

---

[3]Plaintiffs' "litigation strategy" -- if filing two identical cases on the same day in two different federal courts could ever be dubbed a strategy -- befuddles the Court.  It appears to the Court that plaintiffs believe this dispute should properly be resolved in Louisiana but filed this

SCF Marine's evidence of Cooper's possible business activities in Missouri fares no better. The mere fact that one corporation is listed on a website as affiliated with another corporation that has a location in Missouri does not support a reasonable inference that Cooper T. Smith Stevedoring Co., Inc. is subject to personal jurisdiction in this Court and does not entitle SCF Marine to jurisdictional discovery from Cooper or its affiliated companies. Nor am I persuaded by SCF Marine's estoppel argument. Whatever defenses Cooper may have asserted in the Louisiana action are not so unequivocal as to manifest an intent to be subject to personal jurisdiction in this Court. Cooper is not a party to the Bill of Lading, and it is far from clear that the forum selection clause necessarily constitutes one of the "defenses, benefits, [or] limitations" contained in the Bill of Lading.[4] SCF Marine overreaches by asking this Court to interpret Cooper's affirmative defense as an adoption of, and assent to, the forum selection clause. Finally, SCF Marine attempts to suggest that Cooper's jurisdictional evidence does not address the

---

case in anticipation that SCF Marine would contend that the forum selection clause required the litigation to be filed here. Yet plaintiffs may have actually weakened their argument in favor of their chosen Louisiana forum, because now SCF Marine can point to this case as evidence that this Court is really the appropriate forum for the dispute.

[4]SCF Marine's argument also presumes that the forum selection clause is valid and enforceable, points which plaintiffs contest. This issue is not before me, but will presumably be decided by the Louisiana court when it rules on SCF Marine's motion to dismiss. SCF Marine does not argue that Cooper should be bound by the forum selection clause because it is "so closely related to the dispute that it becomes foreseeable that it will be bound." Marano Enters. of Kan. v. Z-Teca Restaurants L.P., 254 F.3d 753, 757 (8th Cir. 2001).

transaction at issue and is somehow deficient because it "says nothing about Cooper's involvement or lack of involvement with the shipments in Missouri, Louisiana or in between." Cooper's affidavit avers that Cooper conducts *no* business in Missouri, which necessarily includes the transaction at issue. Moreover, if Cooper had any involvement with the shipments, SCF Marine would and should have provided that information since *it*, not Cooper, was the carrier of the cargo and the owner and operator of the barges. The only evidence before me is that Cooper has no contact whatsoever with Missouri and therefore cannot be subject to personal jurisdiction in this Court consistent with Due Process.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#22] is granted, and defendant Cooper T. Smith Stevedoring Co., Inc., is dismissed without prejudice.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2009.