UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICELAND FOODS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09 CV 830 CDP |
| ) | |
| SCF MARINE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on plaintiffs' renewed motion to transfer this case to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1404(a). SCF Marine opposes the motion.[1] In this admiralty case, plaintiffs seek damages from defendants for loss and damage to its rice cargo. According to the complaint, at the time of the loss the cargo was aboard barges owned and operated by SCF Marine, Inc. The loss occurred on the Lower Mississippi River in Louisiana.

The procedural history of this case bears repeating. On the same day, plaintiffs filed suit in both the Eastern District of Louisiana and here seeking damages for the same cargo loss. Plaintiffs claimed that they filed suit in Louisiana

---

[1]SCF Marine is the sole defendant in this case. I dismissed defendant Cooper T. Smith Stevedoring Co., Inc. for lack of personal jurisdiction on September 9, 2009.

because the loss occurred in that district and the now-dismissed defendant, Cooper, is located there and subject to personal jurisdiction. Plaintiffs then asserted that they filed this action "out of an abundance of caution" because defendant SCF Marine's Bill of Lading contains a forum selection clause that "contemplates suit in federal court in St. Louis." Relying on the forum selection clause, SCF Marine moved for dismissal from the Louisiana action. The federal judge assigned to hear the case, the Honorable Stanwood R. Duval, Jr., granted the motion and dismissed SCF Marine from the case on February 9, 2010. Judge Duval did not, however, dismiss plaintiffs' claims against Cooper, which remain pending but stayed until this case is resolved. The end result is that plaintiffs now have two suits pending in federal court for the same cargo loss -- one filed here against SCF Marine, and one against Cooper in the Eastern District of Louisiana.

  In an attempt to untangle the procedural knot that they have created, plaintiffs now move to transfer this action to the Eastern District of Louisiana under § 1404. Plaintiffs contend that such a transfer would conserve judicial resources and promote a more efficient resolution of the controversy. The problem with this argument is two-fold -- first, plaintiffs chose to file suit in <u>this</u> forum, and a plaintiff's choice of forum is traditionally given significant weight in any § 1404 analysis. Second, Judge Duval has already ruled that the forum selection clause in

SCF Marine's bill of lading is mandatory and provides that federal jurisdiction and venue for plaintiffs' claims are exclusive in St. Louis. Although plaintiffs are correct that this ruling is not the "law of the case" as SCF Marine argues and does not definitively preclude me from transferring this case, I find Judge Duval's reasoning persuasive. When the exclusive, mandatory forum selection clause is combined with the presumption in favor of plaintiff's choice of forum and weighed with the other relevant factors, I find that plaintiffs' motion to transfer must be denied. My analysis follows.

## **Discussion**

Plaintiffs move to transfer this action to the Eastern District of Louisiana under 28 U.S.C. § 1404(a). That section permits the Court in the interests of justice to transfer a civil action to another district where it might have been brought for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). Although the statute enumerates three categories to consider when making this determination (i.e., the convenience of the parties, the convenience of the witnesses and the interests of justice), "a motion to transfer . . . calls on the district court to weigh in the balance a number of case-specific factors." Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

In addition to the statutory factors, the Court may also consider:

> "the availability of judicial process to compel the attendance of unwilling witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if transfer is granted, and the practical considerations indicating where the case can be tried more expeditiously and inexpensively."

Fibra-Steel, Inc. v. Astoria Industries, Inc., 708 F. Supp. 255, 257 (E.D. Mo. 1989). "In making a § 1404(a) analysis, a plaintiff's choice of proper forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." General Committee of Adjustment GO-386 v. Burlington Northern R.R., 895 F. Supp. 249, 252 (E.D. Mo. 1995). Merely shifting the burden of inconvenience and cost from one party to another is not a sufficient reason to grant a transfer, so a plaintiff's choice of forum should be left undisturbed unless the balance of factors weighs heavily in defendant's favor. Id. "Although there is no exhaustive list of specific factors to consider, courts have determined that a valid applicable forum selection clause in a contract is a significant factor that figures centrally in the district court's calculus." Terra International, Inc., 119 F.3d at 691 (quoting Stewart, 487 U.S. at 29). As the United States Supreme Court in Stewart recognized, "federal courts sitting in admiralty generally should enforce forum-selection clauses absent a showing that

to do so 'would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" 487 U.S. at 29, n.7 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). However, "the forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." Stewart, 487 U.S. at 31.

SCF Marine first argues that this action cannot be transferred because it "could not have been brought" in the Eastern District of Louisiana since Judge Duval has already ruled that venue is improper there. Even if I agree with plaintiffs that this case could have been brought in the Eastern District of Louisiana, I decline to transfer it to there for the reasons discussed below.

**Convenience of the Parties**

I find that the first statutory factor, the convenience of the parties, weighs in favor of the plaintiffs' choice of forum, which (whether they like it or not) is here. Under the Eighth Circuit's analysis in Terra International, 119 F.3d at 695, the plaintiffs' choice of forum is entitled to considerable deference. Here, plaintiffs have willingly chosen to litigate in this forum and cannot be heard to complain of its inconvenience now. SCF Marine is also headquartered in St. Louis, and its records are located here. And of course, the parties agreed that this dispute would

be heard exclusively in this court.[2]  Under Terra International, id. at 691, this is a "significant factor" that should figure "centrally" in my decision of whether to transfer this case.  When this "significant factor" is combined with the Supreme Court's edict that federal courts sitting in admiralty should enforce valid forum selection clauses, Bremen, 407 U.S. at 10, I find that these factors weigh heavily against transfer.

**Convenience of the Witnesses**

The convenience of witnesses, especially non-party witnesses, should also be considered by the Court in deciding whether to transfer a case under § 1404.  May Department Stores Co. v. Wilansky, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995).  When analyzing this factor, I must consider the court's ability to subpoena non-party or unwilling witnesses to testify and produce documents.  Fibra-Steel, Inc., 708 F. Supp. at 257.  Sheer numbers alone do not accurately reflect the full extent of the witness convenience factor.  Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 928 (W.D. Mo. 1985).  The Court must also consider the nature and quality of the testimony.  Id.

Here, plaintiffs argue that the this case would be more convenient for the witnesses if it were transferred to Louisiana where the cargo loss occurred.

---

[2]Although I am not bound by Judge Duval's ruling, I agree with it and adopt it here.

Although plaintiffs contend that "the key witnesses in this matter will be located in and around Darrow, Louisiana," they do not identify any of these witnesses by name or state whether they are employees of plaintiffs or SCF Marine. Moreover, plaintiffs do not summarize what their expected testimony would be or inform the Court whether these witnesses would appear for trial willingly. The only potential witnesses identified by plaintiffs are employees of Cooper T. Smith (which remains a party in the pending Eastern District of Louisiana case) and experts hired by plaintiffs and SCF Marine. The parties can certainly agree to use the same discovery in both cases, and plaintiffs have made no argument that they would be prejudiced in this non-jury, admiralty action if they were required to present deposition testimony in lieu of live testimony at trial. To the extent that some of the fleet personnel may be difficult to find and/or depose, I doubt that transferring this case to Louisiana would solve that problem. Although I do find that there may be some benefit to trying this case where the cargo loss occurred, I do not find that this factor weighs heavily in favor of transfer.

**<u>Interests of Justice</u>**

Finally, plaintiffs contend that the interests of justice favor transferring this action to the Eastern District of Louisiana "to avoid the wholly unnecessary waste of time and resources that will arise if two different cases, involving the very same

incident, witnesses and issues must be maintained in both this Court and the Eastern District of Louisiana . . . ."  Yet it is plaintiffs that chose to file these two lawsuits, and they should not be heard to complain about any added expense and delay they may incur as a result.  As I stated above, the parties can certainly minimize any added expense of maintaining two separate actions by agreeing to use the same discovery in both cases.  As for the interests of judicial economy, Judge Duval has stayed his case pending a ruling in this one, which will conserve judicial resources, promote the efficient administration of justice, and ensure uniformity and fairness.  Although prosecuting one action instead of two would probably better serve these goals, when this factor is weighed with the others I do not find it significant enough to warrant transferring this action to the Eastern District of Louisiana.  Plaintiffs chose this forum -- first, by voluntarily agreeing to resolve this dispute here (and only here), and second, by filing this action.  When I balance all the relevant factors, I do not find that plaintiffs have met their burden of demonstrating that the motion to transfer should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to transfer [#29] is denied.

**IT IS FURTHER ORDERED** that this case will be set for a Rule 16

scheduling conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2010.